IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDITH ANDO,

    Plaintiff,                    No. 2:12-cv-0523 KJM DAD PS

    vs.

ALLIANCE BANCORP, et al.,       FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        On February 28, 2012, plaintiff, proceeding pro se, filed a complaint and paid the required filing fee. The Clerk of the Court issued a summons as to defendants Alliance Bancorp; Alternative Loan Trust 2006-OC11; Christina Balandran; Bank of America NA; Bank of New York; Countrywide Homes Loans Servicing LP; Randolyn Logan; Michelle Miller; North American Title Company; Recontrust Company; and the Bank of New York. On July 13, 2012, the case came before the undersigned for a status conference pursuant to an order filed and served on plaintiff on April 17, 2012. (Doc. No. 4). No appearance was made by or on behalf of plaintiff or any defendant.

        The order filed and served on plaintiff on April 17, 2012, cautioned plaintiff that Rule 4(m) of the Federal Rules of Civil Procedure provides that service of process must be effected on each defendant within 120 days from the date the complaint was filed. (Doc. No. 4 at

1

3.) In this regard, the order advised plaintiff that "a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 120 days after the complaint was filed." (Id. ) (citing Fed. R. Civ. P. 4(m)). Here, the 120-day period for service of summons and the complaint began to run on February 28, 2012, and has lapsed. Plaintiff has filed no evidence with the court that service of a summons and the complaint was effected on any named defendant, and no defendant has appeared in the action.

The undersigned finds that plaintiff has failed to comply with Rule 4(m). In addition, the court finds that plaintiff has failed to comply with the court's April 17, 2012 order requiring plaintiff to (1) appear at the status conference on July 13, 2012 in person or telephonically, (2) file a certificate of service indicating the date and manner of service of the April 17, 2012 order upon each defendant, and (3) file a status report on or before June 29, 2012. (Doc. No. 4, at 1-2.) Plaintiff was informed that failure to file a timely status report or failure to appear at the status conference "may result in a recommendation that this action be dismissed for lack of prosecution and as a sanction for failure to comply with court orders and applicable rules." (Id. at 3.) Moreover, the court's docket for this case reflects that plaintiff has failed to take any steps to prosecute this action after filing the complaint and that no order served on plaintiff has been returned to the court as undeliverable.

Accordingly, IT IS RECOMMENDED that this action be dismissed without prejudice for failure to effect service on any defendant within the time specified in Rule 4(m) of the Federal Rules of Civil Procedure, failure to comply with multiple requirements of the court's order filed April 17, 2012, and failure to prosecute this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

1 objections within the specified time may waive the right to appeal the District Court's order. See

2 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: July 13, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7 DAD:6
Ddad1\orders.pro se\ando0523.Rule4.f&rs